# UNITED STATES DISTRICT COURT
# OF THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EDWARD C. HUGLER,[1] Acting Secretary of Labor, United States Department of Labor,

    Plaintiff,

v.

**REPOSSESSION MANAGEMENT SERVICES, LLC, d/b/a RMS LLC**, and
**MICHAEL A. MYERS,** an individual,

    Defendants.

Civil action no.: 1:15-cv-01312

Hon. Paul L. Maloney

## CONSENT JUDGMENT

Plaintiff, **EDWARD C. HUGLER**, Acting Secretary of Labor, United States Department of Labor ("Plaintiff"), having filed his Complaint and Defendants **REPOSSESSION MANAGEMENT SERVICES, LLC d/b/a RMS LLC,** a limited liability company, and **MICHAEL A. MYERS**, an individual, (collectively, "Defendants"), having appeared by counsel, having answered, and having been duly advised in the premises, agree to the entry of this Consent Judgment without contest. Now, therefore, upon motion for the attorneys for Plaintiff and Defendants, and for cause shown:

**JUDGMENT IS HEREBY ENTERED** against Defendants pursuant to sections 16(c), and 17 of the Fair Labor Standards Act of 1938, as Amended, 29 U.S.C. § 201 *et. seq.* (the "Act") as follows.

---

[1] This action was commenced in the name of Thomas E. Perez, Secretary of the Department of Labor. Mr. Perez is now the former Secretary of Labor and Edward C. Hugler is now the Acting Secretary. Therefore, Mr. Hugler is being automatically substituted for Mr. Perez as the Plaintiff, pursuant to Fed. R. Civ. P. 25(d), and the caption of this action is amended accordingly.

**Exhibit 1**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, pursuant to section 17 of the Act, that Defendants, their officers, agents, servants, employees and all other persons in active concert or participation with them are hereby permanently enjoined and restrained from violating the provisions of the Act in any of the following manners:

## I

Defendants shall not, contrary to sections 6 and 15(a)(2) of the Act, pay any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at a rate less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereinafter be established by amendment to the Act).

## II

Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any employee who in any workweek is engaged in commerce or the production of goods for commerce, or who is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than 40 hours, unless such employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rates at which he is employed.

If Defendants intend to claim an exemption to the overtime requirements of the Act, prior to claiming such exemption, Defendants shall notify each affected employee in writing. This written document shall contain the exemption Defendants intend to claim, the basis for claiming it, and the corresponding Wage and Hour fact sheet.

**III**

Defendants shall not fail to make, keep, and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found at 29 C.F.R. Part 516.  This includes, but is not limited to, maintaining records of all hours worked by each non-exempt employee on each workday and in each workweek, and records of compensation paid to each employee in each workweek, whether payment is made by a payroll check, personal check, cash, or a combination therof.  The records maintained by Defendants shall also include, but not be limited to, the full name and last-known mailing address of all employees, the daily starting and stop time of each non-exempt employee, and the specific method of payment made to each employee.

Defendants shall provide all non-exempt employees with a complete wage statement each pay period that shows straight time hours, overtime hours, rate of pay, the basis on which commissions or piece rate pay is determined, deductions, and net pay.

**IV**

A. Defendants shall obtain written assurance from all hiring personnel and management officials that no one under the age of 18 will be permitted to work in any occupation prohibited by the child labor regulations found at 29 C.F.R. Part 570.

B. Defendants shall provide copies of Wage and Hour's child labor bulletin to all hiring personnel and management and maintain a written record of the names of the individuals to whom the bulletin is provided and dates provided.

C. Defendants shall maintain copies of all of the records described above in Paragraph II, III, and IV of this Consent Judgment for a period of three years.

D. Defendants shall provide, via first-class mail or hand delivery, all current and future employees with Fact Sheet #77A (Prohibiting Retaliation Under the Fair Labor Standards Act) and post a copy in a prominent place.

E. Defendants shall post a copy of the Consent Judgment in a prominent place for a period of three months and also mail a copy to each employee within ten (10) days after this Consent Judgment is entered by the Court.

F. In the event that Defendants have or intend to sell, transfer any interest, liquidate or merge any part of, or otherwise discontinue operations of **REPOSSESSION MANAGEMENT SERVICES, LLC, d/b/a RMS LLC**, Defendants agree that the injunctive relief set forth in Paragraphs I, II, III, and IV of this Consent Judgment shall apply to any and all successors of **REPOSSESSION MANAGEMENT SERVICES, LLC d/b/a RMS LLC** operating at or out of the following locations:

    (i)    8038 Maple Ridge Rd., Alger, MI 48610

    (ii)    12907 Pleasanton Hwy, Bear Lake, MI 49614

    (iii)    26440 W. 8 Mile Road, Southfield, MI 48033

    (iv)    G4396 S. Dort Hwy, Burton, MI 48529

    (v)    5216 Old 27 N, Gaylord, MI 49735

    (vi)    1890 Bristol Avenue NW, Grand Rapids, MI 49504

    (vii)    5387 E. Michigan Ave., Kalamazoo, MI 49048

    (viii)    12646 0.1 North Rd., Perkins, MI 49872

    (iv)    185 W. 7 Mile Rd., Sault Ste. Marie, MI 49783

Defendants shall promptly provide notice and a copy of this Consent Judgment to any and all successors. Defendants shall provide written notice of any sale, transfer, liquidation,

merger, or discontinuation of business referenced herein within 30 days of such action. Written notice should be provided to the Wage and Hour Division at 800 Monroe Avenue NW, Suite 315, Grand Rapids, MI 49503-1451.

V

The Defendants hereby acknowledge and the Court finds that:

A. Defendant **REPOSSESSION MANAGEMENT SERVICES, LLC d/b/a RMS LLC** is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the Act.

B. Defendant **MICHAEL A. MEYERS** acted directly or indirectly in the interest of the corporate Defendant **REPOSSESSION MANAGEMENT SERVICES, LLC d/b/a RMS LLC**, and is an "employer" under section 3(d) of the Act and is, as such, individually responsible for the obligations contained in this Consent Judgment.

C. All persons hired, engaged, or utilized by Defendants to repossess vehicles in Defendants' repossession trucks are deemed "employees," as defined by section 3(e) of the FLSA, 29 U.S.C. § 203(e), and are entitled to the protections afforded to employees under the FLSA.

VI

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to section 16(c) of the Act, in favor of Plaintiff and against Defendants in the total amount of **$53,753.23**.

A. Defendants shall pay Plaintiff the sum of **$25,229.88**, which represents the unpaid gross minimum wage and overtime compensation hereby found to be due for the period December 18, 2012 through May 11, 2015, to the present and former employees named and in

the amounts set forth in Exhibit A, attached hereto and made a part hereof, plus post-judgment interest in the amounts set forth herein.

    B.    Defendants shall further pay to Plaintiff the sum of **$26,623.35**, which represents the liquidated damages hereby found to be due for the period December 18, 2012 through May 11, 2015, to the present and former employees named and in the amounts set forth in Exhibit A, attached hereto and made a part hereof, plus post-judgment interest in the amounts set forth herein.

    C.    Pursuant to section 16(e) of the Act, Defendants shall further pay to Plaintiff the sum of **$1,900.00** in civil money penalties, plus post-judgment interest in the amounts set forth herein.

## VII

The monetary provisions of Paragraph VI of this Consent Judgment shall be deemed satisfied by Defendants upon the following:

    A.    Defendants shall deliver to Plaintiff an initial payment of $15,000.00 at the time this Consent Judgment is filed with the Court, and the remaining amounts of unpaid compensation and liquidated damages, plus post-judgment interest at a rate of one (1) percent, shall be paid by Defendants to Plaintiff in installments as follows:

| Payment Due | Amount Due |
|---|---|
| June 30, 2017 | $9,270.96 |
| September 30, 2017 | $9,270.96 |
| December 30, 2017 | $9,270.96 |
| March 31, 2018 | $11,170.97 |

B. Defendants shall deliver to Plaintiff certified checks or cashier's checks made payable to the order of the "Wage and Hour Div., Labor," and equal to the gross amount plus post-judgment interest due employees, as set forth above. The aforesaid installment payments shall be forwarded to the U.S. Department of Labor – Wage and Hour Division, P.O. Box 2638, Chicago, Illinois 60690-2638. Defendants also shall provide Plaintiff a schedule, in duplicate, showing the name, last-known address, social security number, and gross amount due for each employee named in Exhibit A.

C. Plaintiff shall distribute the proceeds of each installment check (less legal deductions for each employee's share of social security and Federal withholding taxes) to the persons enumerated in Exhibit A, or to their estates if that be necessary, and any amounts of unpaid compensation, liquidated damages, and post-judgment interest not so paid within a period of three (3) years from the date of receipt thereof shall, pursuant to section 16(c) of the Act, be covered into the Treasury of the United states as miscellaneous receipts. Defendants remain responsible for paying their share of any applicable taxes to the appropriate State and Federal revenue authorities.

D. Should Defendants fail to pay any of the aforesaid installment payments on or before the dates set forth above, the entire amount of the balance of unpaid compensation remaining shall become due without further notice by Plaintiff to Defendants.

E. In the event that Defendants have or intend to sell, transfer any interest, liquidate, or merge any part of, or otherwise discontinue operations of **REPOSSESSION MANAGEMENT SERVICES, LLC, d/b/a RMS LLC**, before payment in full is made to Wage and Hour as required by Paragraphs VI and VII of this Consent Judgment, Defendants agree that any and all successors shall be liable for the outstanding balance owed to Plaintiff

under this Consent Judgment.  Defendants shall promptly provide notice and a copy of this Consent Judgment to any and all successors.  Defendants shall provide written notice of any sale, transfer, liquidation, merger or discontinuation of business referenced herein within 30 days of such action.  Written notice shall be provided to the Wage and Hour Division at 800 Monroe Avenue NW, Suite 315, Grand Rapids, MI 49503-1451.

## VIII

Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any current or former employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this Consent Judgment or the Act; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this Consent Judgment or the Act; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the Defendants under the provisions of this Consent Judgment or the Act.

## IX

**FURTHER**, it is agreed by the parties herein and hereby **ORDERED** that each party bears its own fees and other expenses incurred by such party in connection with any stage of this proceeding to date with no costs, including, but not limited to, any and all costs referenced under the Equal Access to Justice Act, as Amended.

**DATED:** April 13, 2017

/s/ Paul L. Maloney
**PAUL L. MALONEY**
**UNITED STATES DISTRICT COURT JUDGE**

The parties hereby consent to the entry of this Consent Judgment:

**FOR THE ACTING SECRETARY OF LABOR:**

**NICHOLAS C. GEALE**
Acting Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

/s/ Brooke E. Worden                              DATED: April 12, 2017
**BROOKE E. WORDEN**

/s/ Catherine L. Seidelman                        DATED: April 12, 2017
**CATHERINE L. SEIDELMAN**

P.O. ADDRESS:
Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn St., Room 844
Chicago, IL 60604
P: (312) 886-5260
F: (312) 353-5698


**ANDREW B. BIRGE**
Acting United States Attorney

**RYAN D. COBB**
Assistant United States Attorney
Office of the United States Attorney
Western District of Michigan
330 Ionia NW, 5th Floor
P.O. Box 208
Grand Rapids, MI 49501-0208
T: (616) 456-2404
F: (616) 456-2408
ryan.cobb@usdoj.gov

**FOR THE DEFENDANTS:**


  /s/  Michael A. Myers                          DATED: April 12, 2017
**MICHAEL A. MYERS**
Owner

**FOR REPOSSESSION MANAGEMENT
SERVICES, LLC, d/b/a RMS, LLC**


  /s/  Andrew Rodenhouse                         DATED: April 12, 2017
**ANDREW RODENHOUSE**
Attorney

Rodenhouse Kuipers PC
678 Front Ave. NW, Suite 176
Grand Rapids, MI 49504
P: (616) 930-4338
F: (616) 451-4114

# EXHIBIT A

## BACK WAGES AND LIQUIDATED DAMAGES OWED

| Employee | Back Wages | Liquidated Damages | Total |
|---|---|---|---|
| **1. Kirkland, Kyra** | (paid) | $1,149.47 | $1,149.47 |
| **2. McClain, Cortez** | $255.62 | $255.62 | $511.24 |
| **3. McMullen, Brian** | $588.19 | $588.19 | $1,176.38 |
| **4. Norman, Zachary** | $8,667.20 | $8,667.20 | $17,334.40 |
| **5. Oisten, Billy** | $4,838.75 | $4,838.75 | $9,677.50 |
| **6. Pruitt, Mark** | $4,000.00 | $4,000.00 | $8,000.00 |
| **7. Scheer, Darlene** | $4,375.12 | $4,375.12 | $8,750.24 |
| **8. Schumaker, Katie** | (paid) | $244.00 | $244.00 |
| **9. Schwartz, Joey** | $2,050.00 | $2,050.00 | $4,100.00 |
| **10. Troutman, Danielle** | $455.00 | $455.00 | $910.00 |
| **Totals:** | **$25,229.88** | **$26,623.35** | **$51,853.23** |

**Total: $51,853.23**